IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN PAUL DUNN                                                                  PLAINTIFF

Case No. 6:16-CV-06006-SOH-BAB

OFFICER ROY BETHEL,                                              DEFENDANTS
*et. al.*

**AMENDED REPORT AND RECOMMENDATION**

Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983 on January 22, 2016. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

Plaintiff is currently incarcerated in the Clark County Jail. ECF No. 10. Plaintiff alleges several claims of constitutional violation. Plaintiff's first claim is false arrest and imprisonment against Defendants Collier, Bethel, Watson, Forga, Avant, Morrison, Cain, and Whitworth. He proceeds against these Defendant in both their official and personal capacities. ECF No. 1, pp. 15-17. These Defendants are identified as employees of the Caddo Valley Police Department, the Clark County Sheriff's Office, or the City of Arkadelphia Police. He alleges Defendant Bethel (Caddo

1

Valley Officer) had no probable cause; illegally searched his vehicle; and prevented him from going back to the vehicle to get documentation, including his prescription for D-methamphetamine. ECF No. 1, pp. 14-15. As an official capacity claim, Plaintiff alleges Defendant Bethel was ignorant of the law and did not do an accurate inventory of his vehicle. ECF No. 1, p. 15. Plaintiff alleges Defendant Forga (Clark County Agent) falsified documents and records to get a warrant. ECF No. 1, p. 15. As an official capacity claim, Plaintiff alleges Defendant Forga was not properly trained in the law, failed to comply with law enforcement standards, and failed to do continuing education. ECF No. 1, p. 16. Plaintiff alleges Defendants Whitworth (Clark County Officer) and Avant (Arkadelphia Officer) failed to do a complete inventory of his vehicle and failed to comply with law enforcement standards. ECF No. 1, p. 16-17. As an official capacity claim against both, Plaintiff alleges failure to comply with commission on law enforcement standards and failure to do continuing education. ECF No. 1, pp. 16-17.

As harm for Claim One, Plaintiff alleges the loss of liberty and pursuit of happiness, loss of his vehicle, loss of his records and photographs, loss of home, loss of land, loss of job, and the loss of his two pet dogs. ECF No. 1, pp. 14-17. A subsequent submission by Plaintiff on July 6, 2016, includes a letter from Defendant Collier stating the dogs were impounded and were scheduled to be euthanized on July 28, 2014. ECF No. 9, pp. 4. Another submission filed by Plaintiff on July 11, 2016, references the Arkansas Supreme Court, Chief Justice Howard Brill, and indicates Defendant Judge McCallum admitted an error and asked to be recused. ECF No. 9, p. 1. A copy of a July 9, 2014, incident report was also included in the July 11, 2016, submission. In this document, Defendant Bethel states Plaintiff had outstanding warrants for his arrest for failure to appear in New Mexico. Plaintiff added a notation stating it was a single warrant for a seatbelt ticket. He also notes he is ADD/ADHD, and was not under the influence of narcotics. ECF No. 9, p. 2. Plaintiff filed documents

2

on January 22, 2016. This submission included a mental diagnostic evaluation and a certificate labelled "Malvern Police Department, Police Officer Oath of Office." Plaintiff was the officer signing this oath. ECF No. 5.

For Claim Two, Plaintiff alleges denial of medical care against Defendants Mayhue, Wyndham, Morrison, and Foley. Defendants are identified as employees of Clark County Detention Facility. He proceeds against these Defendant in both their official and personal capacities. ECF No. 1, pp. 18-20. He alleges he was denied amphetamine/methamphetamine for his ADD/ADHD, medication for an abscessed tooth, and HIV treatment. ECF No. 1, p. 17. Plaintiff alleges Defendant Mayhue (Jail Administrator) failed to act within standards and care and did not provide treatment or pain medication for his HIV and an abscessed tooth. As an official capacity claim, Plaintiff alleges Defendant Mayhue failed to do any education or training and failed to have trained medical staff on duty twenty-four hours a day. ECF No. 1, p. 18. Plaintiff alleges Defendant Wyndham (Jailer) would not listen to him and told him if he saved his Tylenol for later use it would be contraband. He also told him if he had a medical emergency at 3:00 a.m. he was "out of luck." ECF No. 1, p. 18. Plaintiff alleges Defendant Morrison (Jailer) failed to contact medical personnel in an emergency situation, failed to act within standards, failed to do hourly rounds to check on prisoners, and failed to dispense medication when needed. ECF No. 1, p. 19. Plaintiff alleges Defendant Foley (Jailer) failed to act within jail standards and failed to render aid immediately when notified. ECF No. 1, p. 20. As official claims against the jailers, Plaintiff alleges failure to be properly trained, failure to continue education, failure to render aid immediately or seek aid. ECF No. 1, pp. 19-20.

As harm for Claim Two, Plaintiff alleges loss of teeth, and harm to his life span, liver, heart, and immune system. ECF No. 1, pp. 18-20.

For Claim Three, Plaintiff alleges punishment without due process of law against Judge Robert McCallum, Judge Randy Hill, Prosecuting Attorney Blake Batson, and Public Defenders Timothy Beckham and Janice Williams. ECF No. 1, pp. 21-24. Plaintiff alleges Judge McCallum gave him excessive bail and failed to act within the standards of the United States Constitution. As an official capacity claim, he alleges Judge McCallum violated the rules of criminal procedure and failed to do continued education. ECF No. 1, p. 21. Plaintiff alleges Judge Hill failed to have any evidence of "allow him a chance to mount a vigorous defense. I lost everything." As an official capacity claim against Judge Hill, Plaintiff alleges failure to do continuing education and keep up with current events, and failure to abide by separation of church and state. "He made some biblical remarks that I know nothing or care nothing about." Plaintiff also alleges he failed to follow the rules of criminal procedure. ECF No. 1, p. 22. Plaintiff alleges Prosecutor Batson failed to want the facts or any evidence which would show he was a law-abiding citizen. As an official capacity claim he alleges Batson failed to do continuing education, keep up with the laws, or follow the rules of criminal procedure. ECF No. 1, pp. 22-23. Plaintiff alleges Public Defender Beckham violated attorney-client privilege. As an official capacity claim, Plaintiff alleges Beckham failed to comply with the rules of criminal procedure and failed to do continuing education. ECF No. 1, p. 23. Plaintiff named Janice Williams under this claim, but made no specific allegations against her.

For Claim Four, Plaintiff alleged denial of medical care against several employees of the Arkansas State Hospital. This claim was transferred to the Eastern District on January 22, 2016. ECF No. 3.

Plaintiff names Clark County, the City of Arkadelphia, and the City of Caddo Valley as Defendants, but does not state specific claims against them. ECF No. 1, pp. 11-12.

4

Plaintiff filed a Motion for Return of Property on July 6, 2016. This motion asks for the return of all property seized in an illegal search and seizure. He also asks that this property be declared inadmissible as evidence. ECF No. 9.

Plaintiff seeks compensatory and punitive damages. ECF No. 1, p. 27.

**2. Applicable Law**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**3. Discussion**

  **A. Judges, Public Defenders, and Prosecutor**

Judge Robert McCallum and Judge Randy Hill are immune from suit. See *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Plaintiff failed to state a cognizable claim against Public Defenders Beckman and Williams. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings.

As a prosecuting attorney, Defendant Batson is immune from suit. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized." (internal quotation omitted)).

### B.   City and County Defendants

Plaintiff named the City of Arkadelphia, City of Caddo Valley, and Clark County as Defendants, but states no specific claim against them. Plaintiff also states official capacity claims

against employees of those entities. As an official capacity claim is essentially against the government entity employing the individual, *Hafer v. Melo,* 502 U.S. 21, 24-27 (1991), Plaintiff's claims against the Cities and County should be dismissed as duplicative.

### C.      Personal Property Loss

Plaintiff failed to state a cognizable claim under § 1983 for his alleged personal property loss because he has adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, because Plaintiff could seek redress in Arkansas state courts for his claim of property loss, he has no claim pursuant to § 1983 in this regard.

### D.      Defendants Deputy J.D. Crowe, Jr., Jailer Robert Williams, and Jailer Archer

Plaintiff named these three Defendant in his Complaint, but made no allegations against them. Merely listing a Defendant in a case caption is insufficient to support a claim against the Defendant. *Krych v. Hass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003)(citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)(per curiam)("court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption")). Even in an official capacity suit under section 1983, "a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom ... or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Sexton v. Wayne*,

4:13CV3171, 2014 WL 1767472, at *1 (D. Neb. May 2, 2014)(quoting *Nix v. Norman*. 879 F.2d 429, 433 (8th Cir. 1989). Plaintiff has therefore failed to state a cognizable claim against these Defendants.

**4. Conclusion**

For the foregoing reasons, I recommend that Plaintiff's claims against the following Defendants be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a):

- Judge Robert McCallum
- Judge Randy Hill
- Public Defender Beckman
- Public Defender Williams
- Prosecutor Batson
- City of Arkadelphia
- City Caddo Valley
- Clark County
- Deputy J.D. Crowe, Jr.
- Jailer Robert Williams
- Jailer Archer

I further recommend that Plaintiff's following claims remain for further consideration. Service will be addressed in a separate order.

- Claim One for false arrest and imprisonment in both personal and official capacities against Defendants Collier, Bethel, Watson, Forga, Avant, Morrison, Cain, and Whitworth.

8

- Claim Two for denial of medical care in both personal and official capacities against Mayhue, Wyndham, Morrison, and Foley.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24th day of August 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE