IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN PAUL DUNN                                                                                    PLAINTIFF

v.                                           Civil No. 6:16-CV-06006

OFFICER ROY BETHEL, OFFICER                                                            DEFENDANTS
AARON COLLIER, SHERIFF JASON
WATSON, AGENT BLAKE FORGA,
BRENT WHITWORTH, JAILER RANDY
WYNDHAM, LARRY CAIN, JAMES
MAYUE/MAYHUE,[1] JAILER FOLEY,
JAILER NATE MORRISON, OFFICER
MATT AVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is a Motion to Dismiss Plaintiff's false arrest and imprisonment claim by Defendants Avant, Bethel, and Collier.[2]  (ECF No. 37).

### I. BACKGROUND

Plaintiff filed his Complaint on January 22, 2016.  (ECF No. 1).  On August 24, 2016, the Court entered an Amended preservice screening Report and Recommendation (ECF No. 12), which was adopted on September 13, 2016.  (ECF No. 18).  Plaintiff's claim for false arrest and

---

[1] Plaintiff used both spellings for this Defendant in the Complaint.
[2] Plaintiff brought this false arrest and imprisonment claim against Defendants Collier, Bethel, Watson, Forga, Avant, Morrison, Cain, and Whitworth.  Of these, only Avant, Bethel, and Collier have responded to the summons. As Plaintiff's false arrest and imprisonment claim is *Heck*-barred, however, it was not considered to be in the interest of judicial efficiency to pursue responses from these parties for this claim.

1

imprisonment against Defendants Collier, Bethel, Watson, Forga, Avant, Morrison, Cain, and Whitworth survived preservice screening.

On September 22, 2016, Defendants Avant, Bethel, and Collier filed a Motion to Stay the case because Plaintiff's pending criminal trial stemmed from the same drug arrest in July 2014 which gave rise to this case. (ECF Nos. 25, 26). At the time of the motion, the criminal trial had been continued several times due to Plaintiff's unfitness to stand trial. (ECF No. 25). This Motion was granted on October 28, 2016. (ECF No. 30). On November 20, 2017, Defendants Avant, Bethel, and Collier filed a Motion to lift the stay. (ECF No. 33). This Motion was granted on November 28, 2017. (ECF No. 34).

On November 29, 2017, Defendants Avant, Bethel, and Collier filed a Motion to Dismiss the false arrest and imprisonment claim against them based on the outcome of Plaintiff's criminal trial in *State v. John Dunn*, Clark County Circuit Court, CR-2014-63. (ECF Nos. 37; 38 at 4). On March 7, 2018, the Court entered an Order directing Plaintiff to Respond to the Motion to Dismiss. (ECF No. 45). Plaintiff did so on March 23, 2018. (ECF No. 46).

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S.

at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III. ANALYSIS

Defendants argue Plaintiff's false arrest and imprisonment claim against them is barred by the *Heck* doctrine because he was found guilty of all charges in his state case, *State v. John Dunn*, Clark County Circuit Court, CR-2014-63. (ECF No. 38).

Plaintiff's response consisted of two climatological tables for July 2014, a document labelled "Release of Employment Information" stating he has held a secret security clearance, and his signed release of health information for this case. (ECF No. 46). His response did not address the issues raised in the Motion.

The United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Plaintiff's § 1983 claims for false arrest and imprisonment. In *Heck,* the Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. The *Heck* bar has been applied to claims for injunctive or declaratory relief and damages. *See Smith v. Norris*, 40 Fed. App'x. 305 (8th Cir. 2002) (unpublished); *Rosendahl v. Norman*, 242 F.3d 376 (8th Cir. 2000).

There is no dispute that Plaintiff was found guilty of all charges in *State v. John Dunn*, Clark County Circuit Court, CR-2014-63. (ECF Nos. 33-1; 38). As noted above, the alleged false arrest and imprisonment here occurred at the time Plaintiff was arrested for the drug offence to which he was later found guilty. A ruling in Plaintiff's favor regarding his false arrest and imprisonment claims in this case could render his conviction invalid. Plaintiff has not

demonstrated that this conviction has been reversed, expunged or declared invalid. Plaintiff's claim for false arrest and imprisonment against Defendants Collier, Bethel, Watson, Forga, Avant, Morrison, Cain, and Whitworth is therefore barred by the *Heck* doctrine.

## IV. CONCLUSION

Accordingly, I recommend Defendants' Motion to Dismiss (ECF No. 37) be GRANTED, and Plaintiff's claim for false arrest and imprisonment against Defendants Collier, Bethel, Watson, Forga, Avant, Morrison, Cain, and Whitworth be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **18th day of July 2018**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE